**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ALL COUNTY CUMBERLAND,

             Plaintiff,

             v.

DEREK HARRIS,

             Defendant.

CIVIL ACTION

NO. 1:14-cv-01706-WSD-RGV

**MAGISTRATE JUDGE'S FINAL REPORT,
<u>RECOMMENDATION, AND ORDER</u>**

This matter is before the Court on defendant Derek Harris' ("Harris") affidavit and application to proceed *in forma pauperis*, [Doc. 1],[1] and petition for removal, [Doc. 1-1]. From the documents before the Court, it appears that plaintiff All County Cumberland ("plaintiff") initially filed this action in the Magistrate Court of DeKalb County, Georgia, seeking a writ of possession. <u>See</u> [<u>id.</u> at 5]. Harris, proceeding without counsel, seeks to remove this dispossessory action to federal court and to proceed *in forma pauperis*. [Docs. 1 & 1-1]. After consideration of Harris' affidavit of indigency, his request to proceed *in forma pauperis* is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). However, because the Court lacks subject matter jurisdiction

---

[1] The document and page numbers in citations to the record refer to the document and page numbers listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

over the action Harris seeks to remove, it is **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of DeKalb County.[2]

"'[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[s] . . . to the district court of the United States for the district and division embracing the place where such action is pending.'" PHH Mortg. Corp. v. Diamond, No. 1:06-CV-0673WSD, 2006 WL 839405, at *1 (N.D. Ga. Mar. 29, 2006) (quoting 28 U.S.C. § 1441(a)). "A defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  When a notice of removal is filed, however, the Court is obligated to consider, *sua sponte*, whether it has jurisdiction over the action.  Bank of N.Y. v.

---

[2] This is the second time that Harris has removed this action, see All Cnty. Cumberland v. Harris, Civil Action No. 1:14-cv-01110-WSD, at [Doc. 1] (N.D. Ga. Apr. 16, 2014).  The prior removal resulted in a remand due to lack of jurisdiction. Id. at [Docs. 3 & 7].  Absent a change of circumstances, a "defendant is generally precluded from seeking a second removal on the same ground."  De La Sancha v. Taco Bell of Am., Inc., No. 08–81325-CIV, 2008 WL 5111331, at *2 (S.D. Fla. Dec. 4, 2008) (citations omitted).

<u>Wilson</u>, Civil Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *1 (N.D. Ga. Feb. 25, 2008), adopted at *1.  "If a court does not have original jurisdiction, a district court may *sua sponte* remand a case on the basis of lack of subject matter jurisdiction."  <u>Citibank, N.A. v. Gumbs</u>, Civil Action No. 1:07-CV-2476, 2007 WL 3491744, at *3 (N.D. Ga. Nov. 6, 2007), adopted at *1; <u>see also</u> 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Only state-court actions that originally could have been filed in federal court may be removed."  <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).  Federal courts have original jurisdiction over an action only if: "(1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted."  <u>Stegeman v. Wachovia Bank, Nat'l Ass'n</u>, No. 1:06-CV-0247-WSD, 2006 WL 870420, at *1 (N.D. Ga. Apr. 4, 2006) (<u>citing</u> <u>Lontz v. Tharp</u>, 413 F.3d 435, 439-40 (4th Cir. 2005)).  "Determination of whether a claim arises under federal law 'is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  <u>Wilson</u>, 2008 WL 544741, at *1 (<u>quoting</u>

<u>Caterpillar</u>, 482 U.S. at 392).  Under the well-pleaded complaint rule, the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  <u>Caterpillar</u>, 482 U.S. at 392; <u>Wilson</u>, 2008 WL 544741, at *1 (citations omitted).  "In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint."  <u>Citimortgage, Inc. v. Dhinoja</u>, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (citation omitted).  The burden is on Harris as the removing party to show that the federal court has jurisdiction.  <u>Etowah Env't Grp., LLC v. Walsh</u>, Civil Action No. 2:10-CV-180-RWS, 2011 WL 1060600, at *3 (N.D. Ga. Mar. 21, 2011) (<u>citing</u> <u>Friedman v. N.Y. Life  Ins. Co.</u>, 410 F.3d 1350, 1353 (11th Cir. 2005)).

Harris' attempt to remove this action is deficient in several respects.  First, it appears from the documents filed with the petition for removal that plaintiff brought this dispossessory action in the Magistrate Court of DeKalb County, Georgia, and no federal law or authority is invoked on any documents filed in that court submitted by Harris for this Court's consideration. Harris appears to allege, in his petition for removal, that removal is proper on the basis of federal question

4

jurisdiction.[3] See [Doc. 1-1 at 1-3].  In particular, Harris asserts that plaintiff violated "15 USC 1692, Rule 60 of the Federal Rule of Civil Procedure[]; and having [sic] a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6." [Id. at 2].[4]  Harris also asserts that the dispossessory action is in violation of the United States Constitution's protection of due process as granted by the Fourteenth Amendment. [Id. at 2 ¶ 2].[5]  Harris' reliance on these laws appears to be a defense to the underlying state-court dispossessory action, but "[a] defense that raises a federal

---

[3] Harris does not indicate any basis for federal jurisdiction on his civil cover sheet, see [Doc. 1-2 at 1], nor does he assert that the parties are diverse, see [id.]; see also 28 U.S.C. § 1332.

[4] Federal Rule of Civil Procedure 60, which provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," Fed. R. Civ. P. 60(a), is a rule of procedure and not substantive law.  Thus, if Harris is trying to assert a cause of action for violation of Rule 60, it "would be inconsistent with the Rule's design and intended implementation." Suarez v. Town of Ogden Dunes, No. 2:05-CV-264 PS, 2006 WL 2982107, at *2 (N.D. Ind. Oct. 17, 2006).  Further, 15 U.S.C. § 1692 et seq., which codifies the Fair Debt Collection Practices Act ("FDCPA"), applies only to "debt collectors," which are defined by the act as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due . . . another." 15 U.S.C. § 1692a(6).  Plaintiff is alleged only to have brought a dispossessory action, however, not to have engaged in any debt collection activity governed by the FDCPA. See generally [Doc. 1-1].  Moreover, O.C.G.A. § 51-1-6 is a state statute that cannot form the basis of federal question jurisdiction.

[5] Harris also alleges that plaintiff "violate[d] 28 USC 1367" and "28 USC 1446 (D)," [Doc. 1-1 at 3 ¶¶ 4-5]; however, these provisions do not provide a substantive basis for federal jurisdiction.

question is inadequate to confer federal jurisdiction." Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 808 (1986) (citation omitted); see also Gumbs, 2007 WL 3491744, at *4; Wilson, 2008 WL 544741, at *2 (quoting Caterpillar, 482 U.S. at 393). Indeed, "[i]f a federal question is not presented on the face of the complaint, it is no substitute that the defendant is almost certain to raise a federal defense." Dhinoja, 705 F. Supp. 2d at 1381 (citation and internal mark omitted). Alternatively, if Harris relies on federal law in support of a counterclaim rather than a defense, it is well-settled that a counterclaim cannot serve as the basis for federal question jurisdiction. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (citations omitted). Harris' allegations are thus insufficient to establish that the Court has subject matter jurisdiction in this case. See Diamond, 2006 WL 839405, at *2.[6]

---

[6] Furthermore, to the extent a writ of possession has been issued in state court, see [Doc. 1-1 at 5], and Harris asks this Court to review that writ, his request is improper. Federal district courts do not have jurisdiction over actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (citing D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923)). "The essence of the Rooker-Feldman doctrine is that 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings'" and that "[r]eview of such judgments may be had only in [the United States Supreme Court]." Narey v. Dean, 32 F.3d 1521, 1524 (11th Cir. 1994) (second alteration in original) (quoting Feldman, 460 U.S. at 482 (1983)); see also Christophe v. Morris, 198 F. App'x 818, 825 (11th Cir. 2006) (per

In short, as "master of the claim," plaintiff cannot be subjected to federal jurisdiction in this action, which is exclusively a matter of state law.  Caterpillar, 482 U.S. at 392; Wilson, 2008 WL 544741, at *1 (citations omitted).  Accordingly, the Court does not have federal question jurisdiction over this action and is, therefore, without subject matter jurisdiction.  See Dhinoja, 705 F. Supp. 2d at 1381 (remanding case where "the dispossessory claim that forms the basis of this action is exclusively a matter of state law."); see also Finvest Roxboro, LLC v. Bozick, Civil Action File No. 1:13–CV–3678–TWT, 2013 WL 6795232, at *1-3 (N.D. Ga. Dec. 20, 2013), adopted at *1; HSBC Mortg. Servs., Inc. v. Williams, Civil Action No. 1:07-CV-2863-RWS, 2007 WL 4303725, at *2 (N.D. Ga. Dec. 10, 2007) (granting remand where no federal question is present on the face of plaintiff's complaint and the requirements for diversity jurisdiction are not satisfied in dispossessory action).

---

curiam) (unpublished) ("[F]ederal courts are not the proper venue for appealing a state court judgment.").  Accordingly, to the extent Harris' removal is an attempt to have this Court review, reverse, or invalidate the state court's writ of possession, it must be dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine.  See Stack v. Mason & Assocs., 245 F. App'x 920, 923-24 (11th Cir. 2007) (per curiam) (unpublished).

For the foregoing reasons, Harris' request to proceed *in forma pauperis* is **GRANTED**, but it is **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of DeKalb County.[7]

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED AND RECOMMENDED**, this 5th day of June, 2014.

*Russell G. Vineyard*
_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[7] Since this is the second time Harris has attempted to remove this action, it is further **RECOMMENDED** that he be required to post a bond in an amount consistent with his financial ability upon filing any subsequent notice of removal of this action to cover an award of attorney's fees or sanctions. See Lex Special Assets v. Harold, Civil Action No. 1:10–CV–2937–TWT–ECS, 2010 WL 5108598, at *2 (N.D. Ga. Nov. 10, 2010), adopted by 2010 WL 5101643, at *1 (N.D. Ga. Dec. 9, 2010) (citing Matthew v. Country Wide Home Loans, No. 1:07–cv–1465–TWT, 2007 WL 4373125 at *1 (N.D. Ga. Dec. 11, 2007)); see also Rumbough v. Equifax Info. Servs., LLC, 464 F. App'x 815, 817 (11th Cir. 2012) (per curiam) (unpublished) (district court erred by imposing cost bond without considering plaintiff's financial ability to post the bond before dismissing his complaint).