IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALL COUNTY CUMBERLAND,

                Plaintiff,

v.                                                                                1:14-cv-1706-WSD

DEREK HARRIS,

                Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [3] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

I.   BACKGROUND

This is the second attempt by Defendant Derek Harris ("Defendant") to remove this dispossessory action to this Court. See All County Cumberland v. Harris, No. 1:14-cv-1110-WSD (N.D. Ga. 2014).

On April 1, 2014, All County Cumberland ("Plaintiff") initiated a dispossessory proceeding against Plaintiff in the Magistrate Court of DeKalb County, Georgia.[1]  On April 17, 2014, Harris removed the DeKalb County Action to this Court, asserting that there is federal subject-matter jurisdiction based on the

---

[1]   No. 14D08080.

existence of a question of federal law.  On April 17, 2014, Magistrate Judge Vineyard issued his report and recommendation, finding that the dispossessory action does not present a question of federal law, and concluding that the Court lacks subject matter jurisdiction over this matter and that this case is required to be remanded.  On May 14, 2014, the Court adopted the Magistrate Judge's report and recommendation and remanded the action to the Magistrate Court of DeKalb County.

On May 28, 2014, the Magistrate Court of DeKalb County entered its Order and Judgment [2 at 5], which provides that Plaintiff is entitled to recover $4,935.00 and possession of the premises currently occupied by Defendant.

On June 5, 2014, Defendant, proceeding *pro se*, again removed the DeKalb County Action to this Court by filing an application to proceed *in forma pauperis* ("IFP"), and the same Notice of Removal he filed in his previous action.  Defendant appears to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law.  He claims in his Notice of Removal that "Respondent" violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Rule 60 of the Federal Rules of Civil Procedure, "28 USC 1367" and "28 USC 1446(d)," and the Due Process Clause of the Fourteenth

Amendment. He further claims that Plaintiff has "a legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6." (Notice of Removal at 1-3).

On June 5, 2014, Magistrate Judge Vineyard granted Defendant's application to proceed IFP and considered *sua sponte* whether the Court has subject matter jurisdiction over this action. He found that Plaintiff's underlying pleading shows that this is a dispossessory action, which does not present a federal question. Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge Vineyard concluded that the Court does not have federal question jurisdiction over this matter. Because the Court lacks subject matter jurisdiction, he recommended that this case be remanded to state court.

There are no objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B.   Analysis

Defendant does not object to the R&R, and the Court does not find any error in its conclusions. It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Here, Plaintiff's underlying complaint is a dispossessory proceeding against Defendant, which is wholly based on state law. Therefore, no federal question is present in the Complaint.

The Court also notes that the record does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the

limited right to possession.  Title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").  The Court thus does not have diversity jurisdiction over this matter.

Because the Court lacks subject matter jurisdiction, this action is required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[2]  The Court declines, at this time, to require Defendant to post a bond before filing, or removing, any subsequent action.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [3] is **ADOPTED.**  This action is **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

---

[2]   The Court also agrees with Judge Vineyard's conclusion that, even if subject-matter jurisdiction existed, the Court is unable to grant Defendant the relief he seeks—review or reversal of the Order and Judgment—because federal courts "generally lack jurisdiction to review a final state court decision." Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)); see also Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (federal district courts cannot review, reverse or invalidate a final state court judgment because "that task is reserved for state appellate courts or, as the last resort, the United States Supreme Court.").

**SO ORDERED** this 19th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE